**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | No. CR 18-1436-RCC (LAB) |
| Plaintiff, | **Report and Recommendation** |
| v. | |
| Alonso Severiano Flores-Peraza, | |
| Defendant. | |

The District Court referred this case to the Magistrate Judge for a hearing on the defendant's motion to dismiss indictment. The defendant, Alonso Flores-Peraza, argues that the indictment must be dismissed because he was subjected to a custodial interrogation by ICE agents without *Miranda* warnings and without the presence of counsel, even though the agents were aware that he was represented by counsel and had criminal charges pending. (Doc. 48). The government filed a response (Doc. 49) and the defendant filed a reply (Doc. 51).

A hearing was held on 7/8/19. No witnesses testified. Neither the facts nor the law is in dispute. The only issue before the Court is what the proper remedy is for the unconstitutional taking of Mr. Flores-Peraza's statements.

**Charge**:

The defendant is charged in a one count indictment with making a false statement in a passport application, in violation of 18 U.S.C. § 1542. (Doc. 10)

**Motion to Dismiss**:

The defendant argues that his Fifth and Sixth Amendment rights were violated when he was ordered released from custody in the present case, taken into immigration custody, then questioned by ICE agents regarding matters relevant to his criminal charges. He was interrogated without the benefit of counsel or *Miranda* warnings. The agents knew that Mr. Flores-Peraza was facing criminal prosecution and was represented by counsel.

The government's use of an Attorney Special Request, pursuant to 18 U.S.C. § 3621, rather than a Writ signed by a judge, to secure the defendant's return to U.S. Marshal (USM) custody for five days to allow him to be present at his arraignment were litigated before U.S. Magistrate Judge Bernardo P. Velasco pursuant to the defendant's prior motion to dismiss the indictment. (Doc. 23) By Report and Recommendation, issued on 10/18/18 (Doc. 29), the Court recommended that the District Court deny the motion. The parties were given 14 days to object. No objections were filed. The Attorney Special Request and the defendant's return to USM custody were thoroughly litigated. The Court determined that those issues do not justify dismissal of the indictment. (Doc. 47) The parties were unaware at the time of the motion hearing that Mr. Flores-Peraza was questioned and gave statements while in ICE custody.

The defendant now claims that the cumulative affect of the government's improper use of an Attorney Special Request and the defendant's return to USM custody for his arraignment, after he was ordered released by this Court, in concert with the unconstitutional taking of statements, justifies this second motion for dismissal. The government responds that the first issues were already decided by the Court and there is a remedy for the unconstitutional taking of statements from a defendant that is less extreme than dismissal. The remedy is suppression of the statements in the government's case-in-chief.

The Court concludes, and the parties agree, that ICE agents took statements from Mr. Flores-Peraza in violation of his Fifth and Sixth Amendment rights. The government

avows that it will not use the statements in its case-in-chief but asserts its right to use the statements for impeachment purposes, should the defendant testify inconsistently at trial. For the reasons discussed below, the Court recommends that the District Judge preclude the government from using the statements for any reason at trial, including impeachment, but recommends that the motion to dismiss the indictment be denied.

**FACTS**:

Defendant Alonso Flores-Peraza was arrested on 6/19/17 for allegedly making false statements on a passport application. On 6/29/18 a detention hearing was held, and the Court ordered the defendant released on conditions recommended by Pre-Trial Services, over the government's objection. The ICE detainer was discussed and considered by the Court. Mr. Flores-Peraza was released into immigration custody.

On 7/18/18 Mr. Flores-Peraza was indicted. Defense counsel attempted unsuccessfully to visit him in ICE custody on several occasions. The defendant was not transported for his arraignment on 8/3/18. The government requested a warrant. The Court denied the government's request and continued the hearing to 8/17/18. The parties agreed to accelerate the arraignment to 8/10/18 after ICE returned the defendant to USM custody on 8/9/18, pursuant to the government's Attorney Special Request. Mr. Flores-Peraza appeared for his arraignment and remained in USM custody until 8/13/18. Once he was returned to ICE custody he posted a bond and was released.

One of the issues that arose during the hearing on the first motion to dismiss was whether any evidence was obtained from the defendant while he was in ICE custody. The parties were not aware of any evidence at that time. In November 2018 the government disclosed the Record of Sworn Statement in Affidavit Form, which confirmed that Mr. Flores-Peraza was questioned by ICE agents on 7/2/18 without the knowledge or presence of his attorney and without *Miranda* warnings. The defendant was advised that his statements could be used against him in a subsequent **administrative proceeding**. He swore to tell the truth and proceeded to answer questions, some of which pertain to his pending criminal charges.

1    The parties agree that the statements were taken in violation of Mr. Flores-

2    Peraza's constitutional rights and cannot be used in the government's case-in-chief.

3    **DISCUSSION**:

4    The defendant argues that suppression of the statements is an insufficient remedy

5    in this case because the government not only took the statements in violation of the

6    constitution but also improperly used an Attorney Special Request to return the defendant

7    to USM custody for five days in violation of this Court's order of release. He cites 18

8    U.S.C. § 3621 to explain that an Attorney Special Request can only be used post

9    conviction. He claims that he was prejudiced by being moved from the custody of

10   immigration back into criminal custody for five days in violation of this Court's release

11   order. The defendant asserts that even though this Court previously addressed the

12   Attorney Special Request and the return to USM custody, the unconstitutional taking of

13   Mr. Flores-Peraza's statements is the last straw and is so egregious that dismissal is the

14   only proper remedy in this case. The government should not be allowed to benefit in any

15   way from its bad conduct.

16   Mr. Flores-Peraza points to the case of *USA v. Juan Carlos Laurean-Lozoya*, CR-

17   18-0700-TUC-RM (BGM). Magistrate Judge Macdonald recommended to the district

18   judge that she dismiss the case with prejudice. (Doc. 43, *Laurean-Lozoya*) No objections

19   were filed by the government. Judge Marquez adopted the R & R and dismissed the case.

20   (Doc. 44, *Laurean-Lozoya*) That case is distinguishable on its facts. Once Mr. Laurean-

21   Lozoya was ordered released, he was taken into immigration custody and deported,

22   preventing him from attending Court hearings and imposing obstacles to his

23   communication with counsel. Judge Macdonald's Report and Recommendation focused

24   primarily on the deportation. (Doc. 43, pp. 3-9, CR18-700) At the end of the analysis he

25   inserted a sentence that characterized the "questioning by ICE agents, prior to his

26   removal and without his counsel present or even having been notified, is an egregious

27   violation of his Sixth Amendment right to counsel." In the instant case the defendant is

28   out of custody, has unfettered access to his counsel and has been attending his Court

1    hearings.

2         The defendant also referred the Court to a pending case, *USA v. Lutz,* CR-19-

3    0692-TUC-RM (BGM), which was argued on 6/6/19 and is under advisement on a

4    motion to dismiss the indictment.  The facts of that case are nearly identical to *Laurean-*

5    *Lozoya* in that the defendant was ordered released, was taken into ICE custody,

6    interrogated and then deported.  That case is not instructive for the reasons stated above.

7         The government's position is that the issue of the Attorney Special Request and

8    the return of the defendant to USM custody is resolved. In denying the motion to dismiss,

9    the Court found that "The Defendant's position is one of form over substance" and the

10   defendant suffered no prejudice. At the hearing on the first motion to dismiss, the

11   government stated that even if evidence was acquired from the defendant while he was in

12   ICE custody the government would not use it in its case-in-chief.  Dismissal is an

13   extreme remedy and is not warranted here.

14        The government is correct that the Attorney Special Request and the return to

15   USM custody have been litigated and decided by this Court.  The government concedes it

16   may not use the defendant's statements in its case in chief.  The only issue remaining is

17   whether the defendant's statements are admissible at trial for other purposes including

18   impeachment.  It is instructive to examine a related case, *Michigan v. Harvey*, 494 U.S.

19   344, 110 S.Ct. 1176 (9th Cir. 1990).

20        In *Harvey*, the defendant was arrested on suspicion of rape.  *Harvey*, 494 U.S. at

21   346, 110 S.Ct. at 1178.  He was arraigned, and counsel was appointed for him.  *Id*.  More

22   than two months later, however, Harvey made an uncounseled statement to police.  *Id*.

23   Apparently, "the officer told [Harvey] that he did not need to speak with his attorney,

24   because his lawyer was going to get a copy of the statement anyway."  *Id*.  Harvey signed

25   a waiver form and stated affirmatively that he understood his constitutional rights.  *Id*.

26   He then made a statement, which was later used at trial to impeach his testimony.  *Id*. at

27   347, 1178.  On appeal, the Michigan Court of Appeals reversed the conviction.  *Id*. at

28   348, 1179.  That court held that statements taken in violation of the Sixth Amendment

1 right to counsel cannot be used at trial for any purposes including impeachment. *Id*.

2 The Supreme Court granted certiorari and reversed. *Michigan v. Harvey*, 494 U.S.

3 344, 348, 110 S.Ct. 1176, 1179 (9th Cir. 1990). The Court affirmed the validity of

4 *Jackson*, in which "the Court established a prophylactic rule that once a criminal

5 defendant invokes his Sixth Amendment right to counsel, a subsequent waiver of that

6 right—even if voluntary, knowing, and intelligent under traditional standards—is

7 presumed invalid if secured pursuant to police-initiated conversation." *Id*. at 345, 1177.

8 Evidence obtained in violation of *Jackson* may not be admitted in the prosecution's case

9 in chief. *Id*. The *Harvey* Court held, however, that statements taken in violation of

10 *Jackson* can be admitted for the purposes of impeachment if that subsequent waiver was

11 made knowingly and voluntarily. *Id*. at 354, 1182; *U.S. v. Abdi*, 142 F.3d 566, 569 (2nd

12 Cir. 1998). The Court remanded the case to permit the State an opportunity to offer

13 evidence that the defendant waived his rights knowingly and voluntarily. *Harvey*, 494

14 U.S. at 354, 110 S.Ct. at 1182.

15 The Court did not explicitly "consider the admissibility for impeachment purposes

16 of a voluntary statement obtained in the *absence* of a knowing and voluntary waiver of

17 the right to counsel." *Harvey*, 494 U.S. at 354; 110 S.Ct. at 1182 (emphasis added). This

18 court concludes, however, that as a natural corollary to *Harvey*, "to be admissible for

19 impeachment purposes, a statement elicited after the right to counsel attaches must be

20 both voluntary and accompanied by a knowing and voluntary waiver of the defendant's

21 right to counsel." *Abdi*, 142, F.3d at 570.

22 In this case, the government fails to present evidence proving that Flores-Peraza's

23 waiver of his Sixth Amendment rights was knowing and voluntary. *See Harvey*, 494 U.S.

24 at 354, 110 S. Ct. at 1182 ("It is the State's burden to show that a waiver is knowing and

25 voluntary . . . ."). Accordingly, the government is precluded from using his statements at

26 trial for impeachment purposes.

27 **RECOMMENDATION**:

28 In view of the foregoing, it is recommended that, after its independent review of

- 6 -

1  the record, the District Court DENY the motion to dismiss the indictment but that the
2  Court preclude from trial for any purpose, including impeachment, any statements taken
3  from the defendant in violation of his Fifth and Sixth Amendment rights.

4      Either party may serve and file written objections within 14 days. If objections are
5  not timely filed, the party's right to de novo review may be waived. No reply to
6  objections shall be filed unless leave is granted from the District Court.

7      The Clerk of the Court is directed to send a copy of this Report and
8  Recommendation to all parties.

9      Dated this 16th day of July, 2019.

_Leslie A. Bowman_

Honorable Leslie A. Bowman
United States Magistrate Judge